Filed 2/18/16  P. v. Battle CA5

### NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | F069381 |
| v. | (Super. Ct. No. F13911573) |
| GARY JOHN BATTLE, | **OPINION** |
| Defendant and Appellant. | |

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Fresno County.  Kimberly A. Gaab, Judge.

Jill M. Klein, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

[*]     Before Levy, Acting P.J., Poochigian, J., and Peña, J.

Appellant Gary John Battle pled no contest to felony resisting an executive officer (Pen. Code, § 69).[1] Following independent review of the record pursuant to *People v. Wende* (1979) 25 Cal.3d 436, we affirm.

## FACTUAL AND PROCEDURAL HISTORY

On December 9, 2013, a deputy at the county jail observed what he believed was a hand-to-hand drug transaction between Battle and another male. As the deputy approached Battle, he saw him put something behind his back. The deputy asked Battle for his name and he replied, "Man you might as well read me my rights." Although Battle turned around as instructed, when the deputy attempted to grab Battle's hands, Battle began to resist. As the deputy began to patsearch him, Battle pulled his right hand away. The deputy handcuffed Battle's left hand but Battle was able to break free and attempted to turn to face the deputy. However, a second deputy grabbed Battle's arm and placed it behind his back. Battle fought both deputies but they were able to take him to the ground. Battle continued to fight and resist and would not place his hands behind his back until one of the deputies applied a Taser to Battle's back and he became compliant. During a search of Battle, the deputies found a small knife, several cell phones, and 14.5 ounces of marijuana.

On December 11, 2013, the district attorney filed a complaint charging Battle with bringing a controlled substance into a jail (count 1/§ 4573.5), resisting an executive officer (count 2/§ 69), and five prior prison term enhancements (§ 667.5, subd. (b)).

On January 24, 2014, Battle pled no contest to resisting an executive officer in exchange for the dismissal of the remaining count and allegations. The agreement also provided that Battle would be released from custody with a *Cruz*[2] waiver and the

---

[1]     Unless otherwise indicated, all statutory references are to the Penal Code.

[2]     *People v. Cruz* (1988) 44 Cal.3d 1247.

2

resisting an executive officer offense would be reduced to a misdemeanor, if he appeared for sentencing. If he failed to appear, however, the prosecutor would not agree to reduce the charge to a misdemeanor.

On March 11, 2014, Battle did not appear at his sentencing hearing.

On May 2, 2014, Battle appeared in court. After denying his motion to reduce his resisting an executive officer offense to a misdemeanor, the court sentenced Battle to the mitigated term of 16 months, split into four months in custody and 12 months on mandatory supervised release.

Battle's appellate counsel has filed a brief which summarizes the facts, with citations to the record, raises no issues, and asks this court to independently review the record. (*People v. Wende*, *supra*, 25 Cal.3d 436.) Battle has not responded to this court's invitation to submit additional briefing.

Following an independent review of the record, we find that no reasonably arguable factual or legal issues exist.

### DISPOSITION

The judgment is affirmed.